IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELVIA GARCIA BOYZO, on behalf of herself and all other persons similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> UNITED SERVICE COMPANIES, INC., UNITED TEMPS, INC., UNITED MAINTANENCE COMPANY, INC. d/b/a UNITED TEMPS, and RICHARD SIMON, individually, <br><br> Defendants. | Case No. <br><br> Judge <br><br> Magistrate Judge |

**CLASS ACTION COMPLAINT**

Plaintiff Elvia Garcia Boyzo, on behalf of herself and all other persons similarly situated, known and unknown, for her Complaint against United Service Companies, Inc. ("United Service"), United Temps, Inc. (United Temps"), United Maintenance Company, Inc. d/b/a United Temps ("United Maintenance"), and Richard Simon, individually, (collectively "Defendants"), states as follows:

### I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. ("IWPCA") and the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq*. ("IDTLSA") for: 1) Defendants' failure to pay Plaintiff and other similarly situated employees at least the federally and/or Illinois-mandated minimum wages for all time worked in violation of the FLSA, the IMWL and the IDTLSA; 2) Defendants ' failure to pay overtime wages to Plaintiff and other similarly situated employees in violation of the FLSA, the IMWL and the IDTLSA; 3) Defendants' failure to pay Plaintiff and

1

other similarly situated employees all earned wages at the rate agreed to by the parties in violation of the IWPCA and the IDTLSA; and 4) Defendants' failure to provide Plaintiff and other similarly situated employees with an accurate Employment Notice as required by Section 10 of the IDTLSA. For claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA. 29 U.S.C. §216(b). For claims arising under the IMWL, the IWPCA and the IDTLSA, Plaintiff will seek to certify these claims as class actions pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. Plaintiff brings her class claims pursuant to Fed. R. Civ. P. Rule 23.

3. Venue is proper in this judicial district as a substantial number of the facts and events giving rise Plaintiffs' claims occurred in this judicial district and as Defendants maintained offices and transacted business within this jurisdiction.

## III. PARTIES

**Plaintiff**

4. Plaintiff has:

   a. resided in and is domiciled in within this judicial district in Illinois;

   b. handled goods that have moved in interstate commerce;

   c. been an "employee" of Defendants Untied Services, United Temps, United Maintenance and Richard Simon in Illinois as that term is defined by the FLSA, IMWL and IWPCA;

   d. been employed by Defendants as a "day or temporary laborer" (hereafter "laborer") as that term is defined by the IDTLSA, 820 ILCS 175/5; and

   e. worked as a "laborer" on behalf of Defendants at third party client companies within this judicial district in Illinois.

**Defendants**

5. At all relevant times, Defendant United Temps has:

   a. been a corporation organized under the laws of the state of Nevada and been located in and conducted business within this judicial district;

   b. been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients pursuant to contracts between itself and third party clients;

   c. been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS 175/5;

   d. been an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes;

   e. had two or more employees who have handled goods which have moved in interstate commerce;

   f. been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS §115/1 *et seq.*;

   g. has operated as a single enterprise with United Services and United Maintenance as a unified operation with common control; and

   h. has been a joint "employer" of Plaintiff and the Class with United Services and United Maintenance and Richard Simon.

6. At all relevant times, Defendant United Services has:

   a. been a corporation organized under the laws of the state of Illinois and been located in and conducted business within this judicial district;

   b. been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients pursuant to contracts between itself and third party clients;

   c. been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS 175/5;

   d. been an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and

3

            Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes;

    e.    had two or more employees who have handled goods which have moved in interstate commerce;

    f.    been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS §115/1 *et seq.*;

    g.    has operated as a single enterprise with United Temps and United Maintenance as a unified operation with common control; and

    h.    has been a joint "employer" of Plaintiff and the Class with United Temps, United Maintenance and Richard Simon.

7.    At all relevant times, Defendant United Maintenance has:

    a.    been a corporation organized under the laws of the state of Illinois and been located in and conducted business within this judicial district;

    b.    been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients pursuant to contracts between itself and third party clients;

    c.    been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS 175/5;

    d.    been an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes;

    e.    had two or more employees who have handled goods which have moved in interstate commerce;

    f.    been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS §115/1 *et seq.*;

    g.    has operated as a single enterprise with United Temps and United Services as a unified operation with common control; and

    h.    has been a joint "employer" of Plaintiff and the Class with United Temps, United Services and Richard Simon.

8.    At all relevant times, Defendant Richard Simon has:

      a.    resided in this judicial district;

      b.    been the president, owner and/or operator of Untied Temps, United Services and United Maintenance;

      c.    been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS 175/5;

      d.    among other things, had the authority to hire and fire, to direct Plaintiff, to authorize payment of wages to Plaintiff, to sign on the company's checking accounts, including any payroll accounts, and to participate in decisions regarding the operation of the business and employment policies and practices; and

      e.    was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS §115/2

### IV. FACTUAL BACKGROUND

9. Defendants United Temps, United Maintenance d/b/a United Temps and United Services each have as their president Richard Simon. *See* Exhibits A, B and C, respectively, attached hereto.

10. Defendant Richard Simon uses these three companies jointly and interchangeably to recruit, hire and assign temporary laborers to work at various client companies in Illinois, including numerous hotels in the Chicago area.

11. Defendant United Services lists United Temps and United Maintenance as its subsidiaries on its website and identifies its corporate address as 1550 S Indiana Ave, Chicago, IL 60605.[1]

12. Defendant United Temps, Inc. lists as its offices in Illinois 1550 S Indiana Ave, Chicago, IL 60605 and 2904 W Cermak Rd, Chicago, IL 60623.[2]

---

[1] *See* www.unitedhq.com/locations/illinois/illinois.html (last visited October 12, 2018).

[2] *See* www2.illinois.gov/idol/Employers/Documents/Day%20and%20Temp%202018%20List.pdf, Illinois Department of Labor listing of registered day and temporary labor service agencies (last visited October 12, 2018); *see*, also, www.unitedhq.com/services/temps.html (last visited October 12, 2018).

13. Defendant United Maintenance is identified as a subsidiary of United Services and is located at 1550 S Indiana Ave, Chicago, IL 60605[3]

14. Defendants recruit and hire day and assign day or temporary laborers from their offices located at located at 2904 W Cermak Rd, Chicago, IL 60623 and 1550 S Indiana Ave, Chicago, IL 60605.

15. Since at least August 2018, Plaintiff Boyzo was recruited by Defendants to work as a day or temporary laborer and was assigned to work at hotels in downtown Chicago during the pendency of strikes in area hotels.

16. Plaintiff Boyzo and hundreds of other day or temporary laborers have been recruited and assigned by Defendants to work at third party client companies within the three years prior to the filing of this lawsuit.

17. Plaintiff Boyzo was systematically shorted pay by Defendants, including for overtime hours, during her employment with Defendants.

18. On information hundreds of other day or temporary laborers recruited and assigned by Defendants to work at third party client companies have been systematically shorted pay by Defendants, including for overtime hours, in the three years prior to filing this lawsuit.

19. Plaintiff and other day or temporary laborers assigned by Defendants to work at third party client companies had an agreement that they would each be paid a regular hourly wage for all hours worked for Defendants and Defendants' client companies. For example, Plaintiff Boyzo had an agreement with Defendants that she would be paid $17.50 per hour. See Plaintiff Boyzo check stubs showing her agreed upon hourly rate attached as Exhibit D.

20. Plaintiff Boyzo was not paid the agreed upon rate for each hour worked for Defendants but rather was shorted dozens of hours in individual work weeks in which she worked.

---

[3] *See* www.unitedhq.com/services/maintenance.html (last visited October 12, 2018).

21. In some of the work weeks she worked in which her hours were shorted and for which she was not paid, her hourly rate of pay fell below the federal and state minimum wage rates.

22. In some of the work weeks she worked in which her hours were shorted hours, the hours she was shorted and for which she was not paid were overtime hours.

23. Other similarly situated laborers were likewise not paid for all hours worked at the regular hourly rate agreed upon by each putative class member and the Defendants.

24. Other similarly situated laborers were likewise denied overtime wages in work weeks in which they worked in excess of forty hours but were shorted hours for which they were not compensated.

25. During the course of their employment, Defendants failed to provide Plaintiff and other similarly situated employees with an "Employment Notice" at the time of dispatch and/or at other times required by Section 10 of the IDTLSA in the form of a statement containing the following items on a form approved by the Illinois Department of Labor:

    a. the name of the day or temporary laborer;

    b. the name and nature of the work to be performed;

    c. the wages offered;

    d. the name and address of the destination of each day and temporary laborer;

    e. terms of transportation; and

    f. whether a meal or equipment, or both, are provided, either by the day and temporary labor service agency or the third party client, and the cost of the meal and equipment, if any.

### V. CLASS ACTION ALLEGATIONS

26. Plaintiff will seek to certify as class actions pursuant to FRCP Rule 23 her state law claims for Illinois-mandated minimum wages (Count III) and overtime wages (Count IV) arising under the IMWL and the IDTLSA; for earned wages (Counts V) arising under the IWPCA and

the IDTLSA; and for the Employment Notice violations (Counts VI) arising under the IDTLSA. Plaintiff will ask the Court to determine the rights of the parties pursuant to those statutes and to direct the Defendants to account for all hours worked and wages paid to the class members during the temporality of the class.

27. Counts III - VI are brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

   a. the class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants have employed thousands of persons as day or temporary laborers in Illinois during the IMWL, IWPCA and IDTLSA Class Periods;

   b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

      (i) Whether Defendants failed to pay Plaintiff and the Class the Illinois-mandated minimum wage for all time worked in individual work weeks during the IMWL Class Period;

      (ii) Whether Defendant failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

      (iii) Whether Defendants failed to pay Plaintiff and the Class for all time worked in individual work weeks at the rate agreed to by the Parties during the IWPCA Class Period; and

      (iv) Whether Defendants were obligated to and failed to provide Plaintiff and the Class with proper Employment Notices as required by 820 ILCS 175/10.

   c. The class representative and the members of the class have been equally affected by Defendants' failure to pay Illinois minimum wages, overtime wages and other earned wages and failure to provide proper notices;

   d. Given the nature of the temporary staffing industry and retaliatory actions taken against named Plaintiffs, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation and being "black-listed" from work at day and temporary labor agencies;

   e. The class representative, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interest of the classes. If individual

actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants and the Court.

28. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

29. The Class Plaintiff seeks to represent in regard to her Illinois law claims is composed of and defined as all persons who have been employed by Defendants to work at third party client companies of Defendants in Illinois from October 12, 2015, up through and including the date of judgment.

## COUNT I
## Violation of the FLSA – Minimum Wages
### *Section 216(b) Collective Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 29 as though set forth herein.

30. This Count arises from Defendants' violation of the FLSA for its failure to pay Plaintiff and similarly situated employees not less than the federally-mandated minimum wage rate for all hours worked in individual work weeks as described more fully in paragraphs 9-24, *supra*.

31. Defendants suffered or permitted Plaintiff to work in certain work weeks in the three years prior to Plaintiff filing this lawsuit.

32. Plaintiff was not exempt from the minimum wage provisions of the FLSA.

33. Plaintiff was entitled to be paid not less than the federally-mandated minimum wage for all hours worked in individual work weeks.

34. Defendants did not pay Plaintiff the federally-mandated minimum wage for all hours worked in individual work weeks.

35. Defendants suffered or permitted other similarly situated, non-exempt employees to work who were likewise entitled to be paid not less than the federally-mandated minimum wage for all hours worked in individual work weeks.

36. Defendants did not pay other similarly situated laborers the federally-mandated minimum wage for all hours worked in individual work weeks.

37. Defendants' failure to pay Plaintiff and other similarly situated employees the federally-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the FLSA.

38. Plaintiffs are entitled to recover unpaid minimum wages for up to three years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiff and the class she represents pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage rate paid to Plaintiff and similarly situated employees.

C. Liquidated damages in the amount equal to the unpaid minimum wages;

D. That the Court declare that Defendants have violated the FLSA;

E. That the Court enjoin Defendants from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

G. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the FLSA – Overtime Wages
*Section 216(b) Collective Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 38 as though set forth herein.

39. This Count arises from Defendants' violation of the FLSA for its failure to pay Plaintiff and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks as described more fully in paragraphs 9-24, *supra*.

40. Defendants directed Plaintiff to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks in the three years prior to Plaintiff's filing this lawsuit.

41. Plaintiff was not exempt from the overtime provisions of the FLSA.

42. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work.

43. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

44. Defendants likewise directed other similarly situated, non-exempt laborers to work in excess of forty (40) hours in individual work weeks.

45. Other similarly situated, non-exempt laborers were likewise entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

46. Defendants did not pay other similarly situated laborers overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks.

47. Defendants' failure to pay Plaintiff and other similarly situated laborers the overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

48. Plaintiff and other similarly situated laborers are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

11

WHEREFORE, Plaintiff and the class she represents pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks.

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. That the Court declare that Defendants have violated the FLSA;

E. That the Court enjoin Defendants from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

G. Such other and further relief as this Court deems appropriate and just.

## COUNT III
**Violation of the IMWL – Minimum Wages**
*Class Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 48 as though set forth herein.

49. This Count arises from Defendants' violation of the IMWL for its failure to pay Plaintiff and similarly situated employees not less than the Illinois-mandated minimum wage rate for all hours worked in individual work weeks as described more fully in paragraphs 9-24, *supra*.

50. Defendants suffered or permitted Plaintiff to work in certain work weeks in the three years prior to Plaintiff filing this lawsuit.

51. Plaintiff was not exempt from the minimum wage provisions of the IMWL.

52. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

53. Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

54. Defendants suffered or permitted other similarly situated, non-exempt employees to work who were likewise entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

55. Defendants did not pay other similarly situated laborers the Illinois-mandated minimum wage for all hours worked in individual work weeks.

56. Defendants' failure to pay Plaintiff and other similarly situated employees the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

57. Plaintiff and the class are entitled to recover statutory damages as provided for by the IMWL.

58. Plaintiff and the class are entitled to recover an equal amount of their unpaid wages pursuant to Section 95 of the IDTLSA.

WHEREFORE, Plaintiff and the class she represents pray for a judgment against Defendants as follows:

- A. That the Court determine that this action may be maintained as a class action pursuant to Fed.R.Civ.P. 23;

- B. A judgment in the amount of the difference between the Illinois-mandated minimum wage rate and the hourly wage rate paid to Plaintiff and similarly situated employees.

- C. 2% interest on the amount of the underpayment per month from the date of the underpayment pursuant to the IMWL;

- D. Liquidated damages in the amount equal to the unpaid minimum wages pursuant to the IDTLSA;

- E. That the Court declare that Defendants have violated the IMWL;

- F. That the Court enjoin Defendants from violating the IMWL;

- G. Reasonable attorneys' fees and costs of this action as provided by the IMWL and IDTLSA;

H.     Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the IMWL – Overtime Wages
*Class Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 58 as though set forth herein.

59.    This Count arises from Defendants' violation of the IMWL for its failure to pay Plaintiff and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks as described more fully in paragraphs 9-24, *supra*.

60.    Defendants directed Plaintiff to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks in the three years prior to Plaintiff's filing this lawsuit.

61.    Plaintiff was not exempt from the overtime provisions of the IMWL.

62.    Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work.

63.    Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

64.    Defendants likewise directed other similarly situated, non-exempt laborers to work in excess of forty (40) hours in individual work weeks.

65.    Other similarly situated, non-exempt laborers were likewise entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

66.    Defendants did not pay other similarly situated laborers overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks.

67. Defendants' failure to pay Plaintiff and other similarly situated laborers the overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the IMWL.

68. Plaintiff and the class are entitled to recover statutory damages as provided for by the IMWL.

69. Plaintiff and the class are entitled to recover an equal amount of their unpaid wages pursuant to Section 95 of the IDTLSA.

WHEREFORE, Plaintiff and the class she represents pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed.R.Civ.P. 23;

B. A judgment in the amount of all unpaid overtime wages due to Plaintiff and similarly situated employees.

C. 2% interest on the amount of the underpayment per month from the date of the underpayment pursuant to the IMWL;

D. Liquidated damages in the amount equal to the unpaid minimum wages pursuant to the IDTLSA;

E. That the Court declare that Defendants have violated the IMWL;

F. That the Court enjoin Defendants from violating the IMWL;

G. Reasonable attorneys' fees and costs of this action as provided by the IMWL and IDTLSA;

H. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the IWPCA – Unpaid Wages)
*Class Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 69 as though set forth herein.

70. This Count arises from Defendants' violation of the IWPCA for its failure to pay Plaintiff and the Class she represents wages for all time worked at the rate agreed to by the parties as described more fully in paragraphs 9-24, *supra*.

71. During the course of her employment with Defendants, Plaintiff had an agreement with Defendants within the meaning of the IWPCA to be compensated for all time worked at the rate agreed to by the parties.

72. Defendants did not pay Plaintiff for all hours worked at the rates agreed to by the parties as described more fully in paragraphs 9-24, *supra*.

73. Other similarly situated laborers likewise had an agreement with Defendants within the meaning of the IWPCA to be compensated for all time worked at the rate agreed to by the parties.

74. Other similarly situated laborers likewise were not compensated by Defendants for all time worked at the rate agreed to by the parties in certain work weeks.

75. Plaintiff and the Class she represents were entitled to be paid for all time worked at the rate agreed to by the parties.

76. Defendants' failure to pay Plaintiff and the Class she represents for all time worked at the rate agreed to by the parties violated the IWPCA.

77. Plaintiffs and the Class are entitled to recover owed wages for a period extending back to October 12, 2008.

78. Plaintiff and the class are entitled to recover statutory damages as provided for by the IWPCA.

79. Plaintiff and the class are entitled to recover an equal amount of their unpaid wages pursuant to Section 95 of the IDTLSA.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23;

B. A judgment in the amount of all back wages due Plaintiff and the Class as provided by the IWPCA;

C. 2% interest on the amount of the underpayment per month from the date of the underpayment pursuant to the IWPCA;

D. Liquidated damages in an amount equal to the unpaid wages as provided for in the IDTLSA, 820 ILCS 175/95;

E. That the Court declare that Defendants have violated the IWPCA;

F. That the Court enjoin Defendants from violating the IWPCA;

G. Reasonable attorneys' fees and costs of this action as provided by the IWPCA and the IDTLSA;

H. Such other and further relief as this Court deems appropriate and just.

**COUNT VI**
**Violation of the IDTLSA - Employment Notices**
*Class Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though set forth herein.

80. This Count arises from Defendants' violation of the IDTLSA for their failure to provide Plaintiff and similarly situated laborers with a proper Employment Notices as required by the IDTLSA as described more fully in paragraph 25, *supra*.

81. Defendants employed Plaintiff and other similarly situated laborers and assigned them to work at certain third party client companies.

82. Defendants failed to provide Plaintiff and other similarly situated laborers with a proper Employment Notice at the time of dispatch and at the time any terms changed.

83. Defendants were obligated to provide Plaintiff and the Class with an Employment Notice at the time of each laborer was initially dispatched to work and any time the material terms listed on the Employment Notice changed. 820 ILCS 175/10.

17

84. Defendants failed to provide Plaintiff and the Class with Employment Notices at the time of dispatch to third party clients or at the time any terms listed on an Employment Notice changed as required by the IDTLSA.

85. Defendants violated the IDTLSA by failing to provide to Plaintiff and the Class an Employment Notice as required by the IDTLSA.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to 735 ILCS 5/2-801;

B. That the Court award Plaintiff and the Class statutory damages of up to $500 for each violation of Section 10 of the IDTLSA;

C. That the Court declare that Defendants have violated the Employment Notice provision of the IDTLSA. 820 ILCS 175/10;

D. That the Court enjoin Defendants from violating the IDTLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

F. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: October 12, 2018

*s/Christopher J. Williams*
Christopher J. Williams

Christopher J. Williams
Workers' Law Office, PC
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60604
(312) 795-9121

Lydia Colunga-Merchant
Javier Castro
Raise the Floor Alliance – Legal Dept.
1 N. LaSalle St., Suite 1275
Chicago, IL 60602
(312) 795-9115

Attorneys for Plaintiff